IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BILLY JOE CHAVEZ,<br><br>Defendant. | CR 17-03-BLG-SPW<br><br>ORDER DENYING MOTION<br>FOR EARLY TERMINATION<br>OF SUPERVISION |

Mr. Chavez has filed a motion for early termination of his supervised release, wherein he states his probation officer and the United States object. (Doc. 38 at 2.)

18 U.S.C. § 3583(e) provides a court may, after considering several factors from § 3553(a), terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Most often, courts reserve early termination for defendants who exhibit "exceptionally good behavior" while on release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (cited in *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (unpublished)).

After reviewing Mr. Chavez's history while on supervision, the factors under 18 U.S.C. § 3553(a), and pursuant to § 3583(e), the Court finds early termination of Mr. Chavez's supervised release would be inappropriate. Mr. Chavez is certainly

making strides toward improving his life and moving on from his past criminal conduct; the Court commends him for that effort. However, the Court finds Mr. Chavez's conduct does not warrant early termination of his term of supervision.

Mr. Chavez argues that he has served two-thirds of his supervision without ever being revoked; he is gainfully employed full-time; he suffers from Type II diabetes, for which he takes medication multiple times daily; he has met all financial obligations; and, he completed the Alternatives drug class program. In short, Mr. Chavez is complying with the conditions of his supervised release, but he has not demonstrated "exceptionally good behavior" while on release. *See* (Doc. 39 at 3-4). One of the court's reasons for granting Mr. Chavez a considerable downward variance from his guideline sentencing range was his mental health issues. *See* (Doc. 36-4). Mr. Chavez does not indicate that he has addressed those issues while on supervision. Accordingly,

IT IS HEREBY ORDERED that the Mr. Chavez's motion (Doc. 38) is DENIED.

The Clerk shall notify the parties and the U.S. Probation Office of this Order.

DATED this 8th day of May, 2020.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge